IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00940-BNB

DAVID PEREZ,
  Plaintiff,

v.

DENVER HEALTH HOSPITAL, and
ARAPAHOE COUNTY SHERIFF [sic] DEPT.,
  Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 22 2008

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, David Perez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. He initiated the instant action by filing **pro se** a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). Mr. Perez has been granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

On June 11, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Perez to file an amended complaint that sued the proper parties, that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that alleged each Defendant's personal participation in the asserted claims. On June 19, 2008, Mr. Perez filed an amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993).

The Court must construe the amended complaint liberally because Mr. Perez is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v.**

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Perez will be ordered to file a second amended complaint.

In the amended complaint, Mr. Perez alleges that unidentified individuals violated housing policy by placing him in a two-person cell at the Arapahoe County Detention Center with two violent inmates, who sexually assaulted him. He further alleges that due to the sexual assault he required emergency surgery for a rectal mucosal tear. He asserts that on October 28, 2007, he was taken to Denver Health Medical Center, where he was operated on, where his appendix was removed without his prior approval, and where he received unnecessary procedures.

In the June 11, 2008, order for an amended complaint, the Court informed Mr. Perez that he must assert each defendant's personal participation in the alleged constitutional violations. However, in his third claim in the amended complaint, Mr. Perez apparently makes references to unspecified individuals who placed him in the two-person cell. Mr. Perez may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Perez uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Any additional information Mr. Perez can provide about the "they" to whom he refers also would be helpful for purposes of service. *See* amended complaint at 6.

Mr. Perez is reminded that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Perez must show that each defendant caused

2

the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Perez also is reminded that the second amended complaint must meet the pleading requirements of Fed. R. Civ. P. 8. In order for Mr. Perez to state a claim in federal court, his amended complaint must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Mr. Perez is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Perez should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Perez file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Perez, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Perez submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Perez fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED July 22, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00940-BNB

David Perez
Prisoner No. 64124
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/22/08

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk