IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00940-BNB

DAVID PEREZ,

    Plaintiff,

v.

DENVER HEALTH HOSPITAL,
DR. JEFFRY KASHUK,
DR. JOHN WEAVER,
DR. TREVOR NIDHAM,
DR. JOHN KENDALL,
DR. ZACHARY TEBB,
DR. BRANT WOMMACK,
DR. MICHAEL FLEISHER,
ARAPAHOE COUNTY,
SHERIFF G. ROBINSON,
DEPUTY JOHN DOE, and
DEPUTY M. BIDON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2008

GREGORY C. LANGHAM
                CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, David Perez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. He initiated the instant action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993).

On June 11, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Perez to file an amended complaint that sued the proper parties, that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that alleged each

Defendant's personal participation in the asserted claims. On June 19, 2008, Mr. Perez filed an amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). On July 22, 2008, Magistrate Judge Boland ordered Mr. Perez to file a second amended complaint that clarified the personal participation of the named Defendants. On August 8, 2008, Mr. Perez filed a second amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).

Mr. Perez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Perez is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the second amended complaint liberally because Mr. Perez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the second amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Perez alleges that he was placed in a two-person cell at the Arapahoe County Detention Center with two violent inmates, who sexually assaulted him. He further alleges that due to the sexual assault he required emergency surgery for a rectal mucosal tear. He asserts that on October 28, 2007, he was taken to Denver Health Hospital for emergency surgery as a result of the assault. He complains that in the course of the emergency surgery, his appendix was removed without his prior approval, and he received other unnecessary procedures, which he specifies only as receiving a temporary clostomy bag that is yet to be removed.

Mr. Perez is suing an improper party. It is not clear whether Defendant Denver Health Medical Center, named as Denver Health Hospital, is a state actor. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes*, 398 U.S. at 150. Therefore, Mr. Perez may not sue Denver Health Medical Center for money damages pursuant to § 1983 if the medical center is a private entity.

Mr. Perez also may not sue Denver Health Medical Center for money damages if the medical center is a state entity. The State of Colorado and its entities are protected

by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Lastly, if Denver Health Medical Center is a municipal entity, it still may not be sued for money damages because municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). As Magistrate Judge Boland informed Mr. Perez in the June 11, 2008, order for an amended complaint, Mr. Perez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Therefore, the claims against Denver Health Hospital must be dismissed.

Mr. Perez's claims asserted against Defendant doctors Jeffry Kashuk, John Weaver, Trevor Nidham, John Kendall, Zachary Tebb, Brant Wommack, and Michael Fleisher ("Defendant doctors") are without merit. Mr. Perez simply disagrees with the removal of his appendix and other procedures performed on him because he contends he did not give his consent or have any advance knowledge that the procedures would

4

be performed during the emergency surgery to repair his rectal mucosal tear. As a result, he complains that he was subjected to medical malpractice.

The Court will construe liberally Mr. Perez's characterization of his medical claim as a claim of medical malpractice, because "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1993) (citing *id.* at 105-106). Moreover, a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Id.* at 107; *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

It is not clear to the Court whether Mr. Perez was a pretrial detainee or a prisoner at the time he received the medical treatment in question. The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to unconstitutional punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Nonetheless, even if Mr. Perez was a pretrial detainee, the Court must apply the standards applicable under the Eighth Amendment in reviewing his medical treatment claims. *See Howard v. Dickerson*, 34 F.3d 978, 980 (10th Cir. 1994).

A violation of the Eight Amendment's prohibition on cruel and unusual punishments occurs when there is deliberate indifference to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at 104. The test for whether a defendant has shown deliberate indifference to an inmate's health or safety has an objective and a subjective

component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a showing that the deprivation at issue is "sufficiently serious." *Id.* (quotation omitted). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quotation omitted). Deliberate indifference also may be "shown when prison officials have prevented an inmate from receiving recommended treatment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm. The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Mata*, 427 F.3d at 751 (quotations and citation omitted).

To satisfy the subjective component of the deliberate indifference test, a prisoner must demonstrate that the defendants "knew of and disregarded an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Further, "[a] prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of [the prisoner's] condition." *Id.* at 755.

Taking Mr. Perez's allegations as true, he fails to establish under either component that the Defendant doctors were deliberately indifferent to his serious medical needs. Simply because Mr. Perez disagrees with his treatment because he did not know in advance that he would receive treatment for anything other than his rectal

6

mucosal tear does not mean that the Defendant doctors violated his Eighth Amendment rights.

In addition, Mr. Perez simply fails to allege any facts that support a claim that the Defendant doctors violated his religious rights. Merely making conclusory allegations that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Mr. Perez has failed to demonstrate the personal participation of Defendants Dr. Kashuk, Dr. Weaver, Dr. Nidham, Dr. Kendall, Dr. Tebb, Dr. Wommack, and Dr. Fleisher in any constitutional violations. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, the claims against the Defendant doctors will be dismissed.

Mr. Perez may not sue Defendant Arapahoe County for money damages because municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell.*, 436 U.S. at 694; *Hinton*, 997 F.2d at 782. To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton*, 489 U.S. at 385. As Magistrate Judge Boland informed Mr. Perez in the June 11, 2008, order for an amended complaint, Mr. Perez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Despite his allegation that he was placed in a two-person cell at the Arapahoe County Detention Center with two other inmates, who sexually assaulted him, he does not allege that there is a direct causal link between an

Arapahoe County policy or custom and the injury alleged. *See City of Canton*, 489 U.S. at 385. Rather, he alleges that a John Doe deputy failed to follow detention center policy by housing him with two violent inmates. Therefore, the claims against Arapahoe County will be dismissed.

In addition, Mr. Perez fails to make any allegations against Defendant Deputy M. Bidon, who apparently requested that Mr. Perez be examined for a sexual assault. *See* second amended complaint at attached "Denver Police Department Sexual Assault Examination Request." As Mr. Perez was reminded in both the June 11 and July 22, 2008, orders for an amended complaint, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Perez must show that each Defendant caused the deprivation of a federal right. *See Graham*, 473 U.S. at 166. There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Because Mr. Perez fails to allege any facts to support the commission of a constitutional violation by Deputy Bidon, the claims against Deputy Bidon will be dismissed. Accordingly, it is

ORDERED that the second amended complaint is dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the claims asserted against Defendant Denver Health Medical Center, named as Denver Health Hospital; Defendant doctors Jeffry Kashuk, John Weaver, Trevor Nidham, John Kendall, Zachary Tebb, Brant Wommack, and Michael Fleisher; Defendant Arapahoe County; and Defendant Deputy M. Bidon are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court is directed to remove Defendant Denver Health Medical Center, named as Denver Health Hospital; Defendant doctors Jeffry Kashuk, John Weaver, Trevor Nidham, John Kendall, Zachary Tebb, Brant Wommack, and Michael Fleisher; Defendant Arapahoe County; and Defendant Deputy M. Bidon as parties to this lawsuit. The only remaining Defendants are Sheriff G. Robinson and Deputy John Doe. It is

FURTHER ORDERED that the remaining claims against the remaining Defendants and the action are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 28 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00940-BNB

David Perez
Prisoner No. 64124
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/29/08

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk