IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-0940-CMA-BNB

DAVID PEREZ,

Plaintiff,

v.

SHERIFF G. ROBINSON,

Defendant.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, without payment of an initial partial filing fee. The order states, in part, the following:

> However, although he need not pay an initial partial filing fee, Mr. Perez remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. According, it is
>
> * * *
>
> FURTHER ORDERED that Mr. Perez may proceed in this action without payment of an initial partial filing fee. Mr. Perez remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915 (b)(1). It is
>
> FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Mr. Perez shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Perez is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement. It is

> FURTHER ORDERED that if Mr. Perez fails to have the
> appropriate monthly payment sent to the clerk of the court each
> month or to show cause each month as directed above why he has
> no assets and no means by which to make the monthly payment,
> the amended Prisoner Complaint may be dismissed without
> prejudice and without further notice.

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial partial Filing Fee* [Doc. # 5], pp. 2-3.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

The plaintiff has not made monthly payments to the court nor has he shown cause why he cannot make payments for the months of May, June, August, September, and October 2008. Therefore, on or before **December 24, 2008**, the plaintiff must either make the required monthly payments or show cause why he cannot.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

2

Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this order and with the orders allowing plaintiff to proceed *in forma pauperis* and without payment of his initial partial filing fee [Doc. #2 and #5].

IT IS ORDERED that on or before **December 24, 2008**, the plaintiff shall make the required monthly payments for May, June, July, August, September, and October 2008, or show cause why he cannot.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

Dated November 25, 2008.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge