IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00940-CMA-BNB

DAVID PEREZ,

Plaintiff,

v.

SHERIFF G. ROBINSON,

Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on **Sheriff Robinson's Motion to Dismiss** [Doc. #14, filed

10/10/2008] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded

allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Second Amended Prisoner Complaint (the "Complaint") on August 8, 2008 [Doc. #9].  Claims One and Two have been dismissed [Doc. #10].  Claim Three alleges that Deputy John Doe failed to follow the jail's policy regarding housing of inmates and placed the plaintiff in a cell with two individuals who sexually assaulted him. *Complaint*, p. 9.[1]  Claim Four alleges that deputy Bidon[2] "failed to follow the (PREA) protical and detention policy regarding the sexual assault. . . ." Id., p. 10.[3]  Claim Four further alleges that defendant Robinson, the Sheriff of Arapahoe County, failed to train his staff "regarding these policies and proticals which lead to the violation of these laws."  Id.  I construe the Complaint as asserting a claim against Robinson in his individual capacity[4] for failure to protect the plaintiff in violation of the Eighth Amendment.[5]

---

[1]The Complaint is not consecutively paginated.  I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

[2]Defendant Bidon has been dismissed from this action [Doc. #10].

[3]I cite from the Complaint as it is written without acknowledgment of errors.

[4]Defendant Arapahoe County has been dismissed [Doc. #10, pp. 7-8] because the plaintiff failed to allege that a policy or custom caused his injuries pursuant to Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978).  As a result, there can be no claim against Robinson in his official capacity.  Id. at 690 n.55 (stating that suits against local government officials are suits against the entity of which the officer is an agent).  Therefore, I do not address the defendants' argument regarding Robinson in his official capacity. *Motion*, pp. 8-10

[5]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

# III.  ANALYSIS

Defendant Robinson argues that the Complaint does not contain allegations showing that he personally participated in any violation of the plaintiff's constitutional rights.  *Motion*, pp. 3-4.  He further argues that the plaintiff has failed to state a claim for an Eighth Amendment violation, id. 6-8, and that he is entitled to qualified immunity.  Id. at pp. 4-6.

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The Eighth Amendment places a burden on prison officials to "take reasonable measures to guarantee the safety of the inmates."  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  A prison official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prisoner asserting a claim for failure to protect must establish that the deprivation alleged is sufficiently serious and that the defendant acted with deliberate indifference.  Id.  Deliberate indifference in this context means that the official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation.  McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).  Respondeat superior is not within the purview of section 1983 liability.  Id.  In order

for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The Complaint is not a model of clarity. In Claim Three, the plaintiff alleges that Deputy John Doe failed to follow a housing policy and placed the plaintiff in a cell with two violent inmates who sexually assaulted him. *Complaint*, p. 9. Claim Three does not mention Robinson.

Claim Four states in its entirety:

> On the day I was assulted, I was placed in a restroom in intake waiting to go to the hospital, as this was taken place, deputy Bidon failed to follow the (PREA) protical and detention policy regarding the sexual assult which violated constitutional law, both federal and state. And I beleave/claim Sheriff Robinson failed to train his staff regarding these policies and proticals which lead to the violation of these laws.

Id. at p. 10.

Construing the Complaint liberally, as I must, the plaintiff alleges that Robinson's failure to train his staff regarding certain policies and procedures constituted a failure to protect the plaintiff because it led to his placement in a cell with the violent individuals who sexually assaulted him.[6]

"[S]upervisor officials may be liable under section 1983 when their failure to train subordinate employees was so severe as to constitute 'deliberate indifference'. . . . Earlier

---

[6]The claim against Bidon was dismissed for failure to allege any facts to support the commission of a constitutional violation against the plaintiff [Doc. #10, p. 8]. Therefore, no claim is stated as against Robinson for failure to train Bidon.

decisions finding that grossly negligent training may give rise to supervisory liability are no longer good law, given the specific rejection in City of Canton v. Harris [489 U.S. 378 (1989)] of gross negligence in favor of deliberate indifference." Woodward v. City of Worland, 977 F.2d 1392, 1399-1400 (10th Cir. 1992) (citing Schwartz & Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees, § 7.11 at 386). "[T]he proper articulation of the test for supervisory liability under section 1983 is that supervisor liability requires 'allegations of personal direction or of actual knowledge and acquiescence.," Id. at 1400, citing Andrews v. City of Philadelphia, 895 F.2d 1469 (3rd Cir. 1990).

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). If the complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Id. (internal quotations and citation omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. This is especially true in cases, like this one, where the defense of qualified immunity has been asserted. Id. at 1248-49.

The plaintiff has failed to allege sufficient facts to state a plausible claim for relief against Robinson for deliberate indifference in violation of the Eighth Amendment. Indeed, the cursory statement regarding Robinson contained in Claim Four is the sole allegation against him.[7]

---

[7]Because I find that the plaintiff has not sufficiently alleged a violation of his constitutional rights, I do not reach the defendant's qualified immunity defense. Wilson v. Layne, 526 U.S. 603, 609 (1999).

## IV.  CONCLUSION

I respectfully RECOMMEND that Sheriff Robinson's Motion to Dismiss be GRANTED and that the claim against Robinson be DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 10, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge